IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-00082-BO-RJ

WILLIAM DONALD LENELL )
SHEPPARD )
            Plaintiff, )
             )
    v. )                   O R D E R
             )
UPPER CRUST FOOD SERVICE )
            Defendant. )

This cause comes before the Court on the memorandum and recommendation (M&R) of

United States Magistrate Judge Robert B. Jones, Jr. [DE 5]. The M&R recommends plaintiff's

complaint be dismissed for frivolity. Plaintiff, who proceeds *pro se*, filed an objection [DE 6] and

an amended complaint [DE 7] in response. The matter is ripe for ruling. For the reasons that follow,

the recommendation of the magistrate judge is adopted and the amended complaint is dismissed.

BACKGROUND

In his initial complaint, plaintiff alleged a claim for discrimination, retaliation, and

wrongful termination in violation of Title VII of the Civil Rights Act.[1] [DE 1]. Plaintiff also filed

to proceed *in forma pauperis*. [DE 2].

Magistrate Judge Jones allowed plaintiff to proceed *in forma pauperis* but recommended

the complaint be dismissed subject to frivolity review. *See* 28 U.S.C. § 1915(e)(2)(B). [DE 5]. He

reasoned that dismissal is proper because plaintiff's Title VII claim failed to make "factual

---

[1] Plaintiff's initial complaint also included a claim pursuant to the North Carolina Wage and Hour Act (NCWHA).
[DE 1 at 4–5]. Magistrate Judge Jones recommended to dismiss it for failure to establish diversity jurisdiction. [DE 5
at 6]. Plaintiff's objection to the M&R does not address a claim for NCWHA. Moreover, plaintiff's amended complaint
omitted reference to the NCWHA. Therefore, the Court will *sua sponte* consider plaintiff's NCWHA claim as having
been voluntarily dismissed.

allegations from which the court could draw a plausible inference that [plaintiff] was . . . discriminated against based on race or sex or retaliated against for engaging in protected conduct." [DE 5 at 5–6]. That is, plaintiff failed to state a claim for relief under Title VII.

Plaintiff timely filed an objection [DE 6] to the M&R, and on the same day, an amended complaint. [DE 7]. In his objection, plaintiff contends dismissal is improper because his amended complaint, which he alleges Magistrate Judge Jones had not reviewed, "now includes detailed factual allegations, exhibits . . . , and a clearly stated claim for relief . . . ." [DE 6 at 2].

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection[.]" *U.S. v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023).

Plaintiff has objected to the M&R on the grounds that his amended complaint, together with the attached exhibits, adequately states a claim for relief. [DE 6 at 2]. Thus, the Court conducts a *de novo* review of the amended complaint on that issue.

The Court now proceeds to examine the due process claim for frivolity. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune

2

from such recovery. 28 U.S.C. § 1 915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.' "). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. "The word 'frivolous' is inherently elastic and not susceptible to categorical definition . . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed Med Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md House o/Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

When reviewing a complaint for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must

allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted). Courts should be liberal in their construction of *pro se* complaints, but they should not go beyond deciphering the meaning of words written in the complaint to attempt to discern the unexpressed intent of the Plaintiff. *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006).

The facts alleged in plaintiff's amended complaint are summarized by the following. Plaintiff is a black male. [DE 7 at 2]. From approximately August 2022 until March 2024, plaintiff was employed as a head chef by Upper Crust, a corporation that provides food services to Greek life organizations at universities. [DE 7 at 1, 8–9]. In early 2024, plaintiff was asked to sign an updated employment handbook and non-solicitation agreement, which he declined to do. [DE 7 at 2, 10]. Plaintiff also complained to management about "the lack of kitchen staffing and unequal treatment he experienced." [DE 7 at 2, ¶ 9]. On or about March 18, 2024, plaintiff "called out sick." [DE 7 at 2, ¶ 10]. Shortly thereafter, plaintiff received a termination notice stating that he had abandoned his position. [DE 7 at 2, ¶ 11–12].

Plaintiff's amended complaint contends to following. Plaintiff was "treated less favorably than a similarly situated [b]lack female chef who was not terminated despite performance issues." [DE 7 at 2, ¶ 19]. Plaintiff was "retaliated against for asserting his rights and refusing to sign an updated policy that he believed . . . unfair." [DE 7 at 2, ¶ 20]. Lastly, defendant falsely accused

4

plaintiff of fraternizing with students at a party in order to terminate plaintiff. [DE 7 at 3, ¶ 18] Thus, plaintiff claims he was discriminated against, retaliated against, and wrongfully terminated based on his race and sex, in violation of Title VII. [DE 7 at 2, ¶ 18].

"Title VII of the Civil Rights Act of 1964 provides that it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) (internal quotations omitted). In order to state a claim under Title VII, a plaintiff is "required to allege facts to satisfy the elements of a cause of action created by that statute . . .." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). "Although an employee need not prove a prima facie case of discrimination to survive a motion to dismiss, he must state a plausible right to relief." *Ofoche v. Apogee Med. Grp., Va., P.C.*, 815 F.App'x 690, 692 (4th Cir. 2020).

The elements of a disparate treatment claim under Title VII are "(1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 207 (4th Cir. 2019). "To establish a prima facie case of retaliation, a plaintiff must prove '(1) that she engaged in a protected activity,' as well as '(2) that her employer took an adverse employment action against her,' and '(3) that there was a causal link between the two events.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (citations omitted). The elements of a wrongful termination claim are "(1) membership in a protected class, (2) discharge, (3) while otherwise fulfilling Defendants' legitimate expectations at the time of his

5

discharge, and (4) under circumstances that raise a reasonable inference of unlawful discrimination." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 n.8 (4th Cir. 2020) (citation omitted).

Plaintiff's amended complaint has not cured the deficiencies highlighted by Magistrate Judge Jones' M&R. That is, plaintiff has not alleged facts from which the Court could draw a plausible inference that defendant took adverse employment action against him because of his race or sex. *See McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Although plaintiff claims he was "treated less favorably" than another chef, "retaliated against," and baselessly fired, he fails to show the Court any connection whatsoever between the alleged conduct and a discriminatory motive regarding his race or sex. As a matter of fact, he unwittingly provides alternate potential reasons for his termination: calling out sick, refusing to sign an employment agreement, and fraternizing with students. A plaintiff cannot simply claim an employment action was discriminatory because he belongs to a protected class. *See Nadendla v. WakeMed*, 24 F.4th 299, 305–06 (4th Cir. 2022).

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objection to the memorandum and recommendation is OVERRULED. The memorandum and recommendation [DE 5] is ADOPTED in its entirety. Plaintiff's amended complaint is hereby DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this 18 day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6